MICHAEL DOTSKO and Another, Plaintiffs, *v.* JOHN SZYMANIAK and Others, Defendants.

Supreme Court, Broome County, March 1, 1929.

*Lewis Seymour*, for the plaintiffs.

*George H. Zator*, for the defendants.

SENN, J.   This action was commenced about January 7, 1928, for the foreclosure of a mechanic's lien.   An answer was served by the moving defendants and the case was at issue and duly on the calendar for the Trial Term of this court held in the county of Broome, commencing September 17, 1928, at which I presided. On October 4, 1928, an order was made by me, in open court, referring the issues to Hon. George F. Lyon, official referee, to hear and determine.   This order was directed in the presence of both attorneys, but not then formulated or entered in the minutes. A copy of the order was thereafter formulated according to the direction of the court and was received by the defendants' attorney, George H. Zator, by mail, on December 21, 1928, and retained by him without objection.   After said referee was designated and before he named the time of trial, he visited and inspected the property involved in this action and was attended by the attorney for the plaintiffs and by Mr. Zator, the attorney for the defendants, who had suggested the inspection and who then raised no question concerning the reference.   Thereafter the official referee appointed January 30, 1929, for the trial of the action before him at his office.

On or about January 29, 1929, the defendants' attorney procured

an order to show cause returnable February 4, 1929, why said order of reference should not be rescinded and canceled on the ground that it was granted and acquiesced in under the erroneous impression that it was an issue triable by the court without a jury; that after the referee appointed the time of trial the defendants' attorney examined the law and found that he was entitled to have the issue tried by a jury and this is concededly so.

But I think this right was waived by acquiesence. It is true, as claimed, that section 426 of the Civil Practice Act provides certain modes in which a trial by jury may be waived and that acquiescence is not one of them unless it was by an oral consent in open court entered in the minutes as per subdivision 3. But the provision of section 426 " is not exclusive, and the same effect may be given to any evidence, either of conduct or acquiescence, by a party, which in other cases would require a conclusion that a right designed for his benefit had been waived." (*Mackellar* v. *Rogers*, 109 N. Y. 468, 472.)

Further, section 426, subdivision 3, was complied with except in the single detail of entering the consent in the minutes. I believe that after the entry of the order as directed, its service on the defendants' attorney and its retention by him, there was a substantial compliance.

Under the circumstances I feel that the application to have the order of reference set aside should be denied.

Submit order accordingly.